FOX v. LINDEMAN et al.

(Supreme Court, Appellate Term, First Department. October 23, 1913.)

NEW TRIAL (§ 42*)—GROUNDS—DISQUALIFICATION OF JUROR.
    That after his examination a juror recalled that he had met some years before a partner of plaintiff's attorneys was not sufficient ground for setting aside the verdict, where there was nothing to show that he knowingly answered falsely, or that his mind was influenced thereby.
    [Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 74–79; Dec. Dig. § 42.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from City Court of New York, Trial Term.

Action by Henry Fox against Samuel Lindeman and others. From an order setting aside the verdict and vacating the judgment thereon, plaintiff appeals. Reversed, and verdict reinstated.

Argued October term, 1913, before SEABURY, GUY, and BIJUR, JJ.

Goldfogle, Cohn & Lind, of New York City, for appellant.

H. I. & L. Cohen, of New York City, for respondents.

PER CURIAM. In our opinion the ground upon which the verdict of the jury was set aside was insufficient to warrant such action. There is nothing in the record to suggest that the fourth juror knowingly made a false statement in response to the question propounded to all the jurors, nor is there anything to show that the fact that the juror subsequently recalled that several years before he had met one of the partners of the plaintiff's attorneys in any way influenced his mind in arriving at a verdict. The whole incident was not of sufficient importance to have any weight attached to it.

Order reversed, with $10 costs and disbursements, and the verdict reinstated.